**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gratian Antoniu Dragomir,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Mutual Insurance Company, et al.,<br><br>Defendants. | No. CV-24-03729-PHX-DJH<br><br>**ORDER** |

The parties have filed three discovery disputes (Docs 47, 48 and 49) due to being unable to resolve them in a reasonable manner. Plaintiff's Second Amended Complaint[1] alleges sex discrimination and retaliation under Title VII, 42 U.S.C. §1981 (Count I); discrimination and retaliation on the basis of national origin under Title VII, 42 U.S.C. §1981 (Count II); and discrimination and retaliation on the basis of race under Title VII, 42 U.S.C. §1981 (Count III).[2] (Doc. 10). In each allegation, Plaintiff pleads that he "suffered humiliation, degradation, emotional distress and other consequential damages (that occurred prior and still ongoing after termination)." (*Id*. ¶¶ 41, 48, 55, 62, 69 and 76). Plaintiff also demands "additional compensation for any future losses including emotional distress" (*id*. ¶ 77(b)), and a demand for lost wages and $120,000.00 "for actual damages."

---

[1] The Second Amended Complaint is the operative complaint as the Court has yet to rule on Plaintiff's Motion to Amend his Complaint.

[2] Plaintiff filed ACRA allegations involving the same conduct in Claims IV and V as in Claims II and III. He also filed an AEPA claim of Retaliation and unlawful termination of employment in Claim VI.

1  (*Id*. ¶ 77(a)).

2  Plaintiff objects to Defendants' requests for subsequent employment records, financial records, and records related to Plaintiff's emotional distress. But these are documents that are indeed relevant to his asserted claims, demands and Defendants' allegation that Plaintiff has failed to mitigate his asserted financial damages. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (initial disclosures must include "a computation of each category of damages claimed") and Fed. R. Civ. P. 26(b)(1) ("[parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim defense and proportional to the needs of the case[.]"). A release of medical records (including mental health treatment received by Plaintiff) is an appropriate discovery request as are the issuance of subpoenas to third-parties who may have relevant information. However, the Court is cognizant of Plaintiff's concerns over misuse of his medical and financial information. And discovery requests must adhere to the rule of proportionately and not be overbroad.

With these considerations in mind, the Court **ORDERS** and makes the following rulings:

1. Plaintiff's objections to Defendants issuing subpoenas to Plaintiff's subsequent employers (Doc. 47) are overruled. Defendant asserts that Plaintiff has an obligation to mitigate his damages. These records are relevant to that defense.

2. The Court agrees with Defendants that Plaintiff may not withhold relevant discovery it says should be protected when Plaintiff refuses to provide a proposed protective order. (Doc. 48). **Plaintiff shall provide Defendants with a proposed protective order within three (3) days of this Order**. If Plaintiff fails to do so, and/or the parties are unable to finalize a stipulated protective order within seven (7) days of this Order, Defendants may provide the Court with its proposed protective order for adoption.

3. With regard to the parties' dispute over medical records (Doc. 49): Plaintiff is obligated to turn over relevant medical treatment providers names and/or

records, or provide a medical release to enable Defendants to obtain such records **within seven (7) days of this Order**. Defendants shall narrowly tailor each discovery request to the time period listed in Plaintiff's Complaint and up to the current date.[3]

Dated this 30th day of July, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[3] Plaintiff alleges claims for damages that are "still ongoing after termination" in each of his claims.