**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gratian Antoniu Dragomir, | No. CV-24-03729-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Nationwide Mutual Insurance Company, et al., | |
| Defendants. | |

*Pro se* Plaintiff Gratian Antoniu Dragomir ("Plaintiff") seeks to amend his Second Amended Complaint on an expedited basis. (Docs. 19, 20). Plaintiff has attached a "Third Amended Complaint to Include Defamation *Per Se*" to his Motion to Amend (*id.* at 6–24), but his proposed amended pleading does not indicate in what respects it differs from his Second Amended Complaint. *See* LRCiv 15.1(a). Plaintiff says that he wants to add a defamation claim after discovering evidence that Defendants Nationwide Mutual Insurance Company and NCS Arizona LLC ("Defendants") made untrue statements about him. (Doc. 19 at 1). Following Defendants' Response (Doc. 22) and the May 6, 2025, Scheduling Conference (Doc. 25), Plaintiff filed a "Motion for Leave to Supplement the Pending Motion to Amend to Include Defamation Per Se" (Doc. 28).

**I.     The Motions to Amend and to Supplement (Docs. 19 & 28).**

Defendants state that they do not generally oppose Plaintiff's request to expedite the decision but note that the request is moot given that the parties have filed their Rule 26(f)

Report which references Plaintiff's defamation *per se* claim. (Doc. 22 at 2). Defendants do not state whether they are opposed to Plaintiff amending his complaint for a third time and did not file a response to Plaintiff's Motion for Leave to Supplement. (*See id*. at 1–3).

The Court should "freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). "Due to a lack of familiarity with the law, the rule 'favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant.' " *Reed v. Muhammed*, 2024 WL 4846757, at *1 (C.D. Cal. Sept. 18, 2024) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)). Because Plaintiff is proceeding *pro se* and Defendants do not appear to oppose his Motion to Amend, the Court will allow Plaintiff to amend his Complaint. *See id*. Plaintiff is therefore Ordered to file a clean copy of his proposed Third Amended Complaint (Doc. 19 at 6–24) on the docket and include any supplemental information from (Doc. 28) therein.[1]

## II.   The Motion to Extend the Pleading Deadline (Doc. 36)

Plaintiff has also filed a Motion to extend the current deadline to amend pleadings, supplement claims, or join additional parties from July 6, 2025, to September 4, 2025. (Doc. 36). Defendant has not responded to this Motion, so, the Court will summarily grant it. *See* LRCiv 7.2 (i) (noting that the failure to respond to a motion "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

## III.   The Motion to Serve a Subpoena (Doc. 40)

Plaintiff also seeks to serve a subpoena on Verizon Wireless under Federal Rule of Civil Procedure 45 and the Court's General Order 18-19. (Doc. 40). He states that he seeks "limited, non-content metadata associated with mobile phone number (602) 694-9129, which is linked to repeated and documented incidents of harassment, retaliation, and stalking." (*Id*. at 1). Defendant has not responded to this Motion.

---

[1] Any further amendments to the Complaint filed without indication of how it differs from the previous amendment will be summarily stricken for non-compliance with Local Rule 15.1(a). *See* LRCiv 15.1(a) ("A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.").

General Order 18-19 states that "any self-represented litigant who wishes to serve a subpoena must file a motion with the Court" which must "(1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents." Gen. Ord. 18-19. Plaintiff has not attached a copy of the proposed subpoena to his Motion nor has he set forth the name and address of the witness to be subpoenaed or the custodian. *Cf. id*. Plaintiff must do so before the Court can grant his request for a subpoena.

### IV.     The Motions to Strike (Docs. 38 & 44)

Finally, the Court will address the two pending Motions to Strike. Defendant has filed a Motion to Stike (Doc. 38) Plaintiff's Notice of Harassment Incident (Doc. 37). Plaintiff filed a Notice to inform the Court of a derogatory text message he received and to "preserve the record." (*Id*. at 1). The Motion to Strike is fully briefed. (Docs. 39 & 41). After Defendant filed its Reply (Doc. 41), Plaintiff filed a Motion to Stike of his own (Doc. 44). Therein, Plaintiff seeks to (1) strike Defendant's conclusion paragraph, and asks the Court to (2) "[t]ake judicial notice of a pattern of racially charged and prejudicial rhetoric introduced by Defense Counsel into the procedural record" and (3) "[i]ssue a protective order limiting the use of personal characterizations in future filings." (Doc. 44 at 1). Defendant is opposed to all three of these requests. (Doc. 53).

First, the Court will strike Plaintiff's Notice (Doc. 37) because, as Defendant notes, "[a] request for a court order *must* be made by motion." Fed. R. Civ. P. 7(b)(1) (emphasis added). Plaintiff should not be filing evidence with the Court outside of a Motion, and Plaintiff specially notes that he does not seek any form of relief alongside his Notice. (Doc. 37 at 1). Any other "Notices" that do not seek a request from the Court will also be stricken.

Next, the Court will not grant any of the three requests Plaintiff seeks in his Motion to Strike (Doc. 44). Plaintiff seeks to strike the following paragraph from Defendant's Reply:

> Although the foregoing correction of the record may seem minor or unimportant, this issue is merely a part of a long, ongoing pattern of unnecessary argument, combative behavior, and excessive suspicion by Plaintiff that serves no legitimate purpose. Plaintiff reflexively opposes every point Defendants make. This has made communicating with Plaintiff difficult and has also made the litigation more complicated than it needs to be. Defendants respectfully request that the Court strike Plaintiff's Notice of Recent Harassment (Dkt. 37) for the foregoing reasons and the reasons articulated in the Motion (Dkt. 38).

(Doc. 41 at 3). Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendant's characterization of Plaintiff's litigation conduct is not "redundant, immaterial, impertinent, or scandalous matter." *See id*. The Court therefore cannot strike this language under Rule 12(f). *Id*.

Third, the Court will not take judicial notice "of a pattern of racially charged and prejudicial rhetoric introduced by Defense Counsel into the procedural record" as Plaintiff requests. (Doc. 44 at 1). Under Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). The facts must be (1) "generally known within the trial court's territorial jurisdiction;" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. Plaintiff's complaint of racially charged and prejudicial rhetoric does not fall into either category, and the Court therefore will not take notice of them. *See id*.

Finally, the Court will not "[i]ssue a protective order limiting the use of personal characterizations in future filings." (Doc. 44 at 1). Plaintiff asserts that "terms such as 'combative behavior,' 'excessive suspicion,' 'unnecessary argument,' and 'reflexively opposes'—particularly when paired with generalized allegations of a 'long, ongoing pattern'—should be excluded absent a clear evidentiary foundation and relevance to the dispute." (*Id*. at 7). Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order upon a showing of "good cause" to shield a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party asserting good cause bears the burden of showing that "specific prejudice or harm will

- 4 -

result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Plaintiff argues that descriptors that relate to his combative litigation behavior "can reasonably be interpreted as manifesting prejudice or bias based on race, ethnicity, or national origin." (Doc. 44 at 8–9). This argument is simply too attenuated. This is precisely the type of "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" which do not satisfy Rule 26(c). *See Beckman,* 966 F.2d at 476. Thus, Plaintiff is not entitled to a protective order at this juncture. *See* Fed. R. Civ. P. 26(c).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 19) and "Motion for Leave to Supplement the Pending Motion to Amend to Include Defamation Per Se" (Doc. 28) are **GRANTED**. Plaintiff shall file a clean version of his Third Amended Complaint (Doc. 19 at 6–24) within **three (3) days** of this Order. The Motion to Expedite this ruling (Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time (Doc. 36) is **GRANTED**. The parties' deadline to amend pleadings, supplement claims, or join additional parties is extended from July 6, 2025, to **September 4, 2025**. The remainder of the Scheduling Order (Doc. 26) is otherwise **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Serve a Subpoena on Verizon Wireless (Doc. 40) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 38) is **GRANTED**. Plaintiff's Notice (Doc. 37) shall be **STRICKEN** from the record.

/ / /

/ / /

1   **IT IS FINALLY ORDERED** that Plaintiff's Motion to Strike, for Judicial Notice
2   and for a Protective Order (Doc. 44) is **DENIED**.
3       Dated this 12th day of August, 2025.

Honorable Diane J. Humetewa
United States District Judge