**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gratian Antoniu Dragomir,<br>Plaintiff,<br>v.<br>Nationwide Mutual Insurance Company, et al.,<br>Defendants. | No. CV-24-03729-PHX-DJH (DMF)<br>**ORDER** |

Pending before the Court is Plaintiff's Rule 72(a) Objection to the Magistrate Judge's Order October 13, 2026 and Motion to Vacate the November 3, 2026 Hearing (Doc. 199). However, an initial matter must first be taken up by the Court.

**1. The Court's Order Striking Plaintiff's Emergency Motion (Doc. 194)**

Plaintiff filed an Emergency Motion for Rule 45 Subpoena Authorization, Alternative Service, and Enforcement of Dkt. 132 and Dkt. 177 (Doc. 191) late on Friday, October 9, 2026. The Magistrate Judge, who has been referred this matter for all pretrial proceedings (Doc. 126), entered an Order (Doc. 193) on this matter on Tuesday, October 13, 2026. Later that same day, this Court entered an Order striking Plaintiff's Emergency Motion from the record. (*See* Doc. 194). Because the Order at docket entry 194 was entered due to clerical mistake, it will be vacated. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."). Additionally, the Court will order that Plaintiff's Emergency Motion (Doc. 191) be reinstated on the docket. The

parties should be aware that the Magistrate Judge's Order (Doc. 193) is the operative and controlling Order on the Emergency Motion and the discovery dispute (Doc. 190) also filed on October 9, 2026.

Before this inadvertence could be rectified, Plaintiff filed three Notices of Deposition, a Motion for Issuance of Rule 45 Subpoenas, and an Objection to the Magistrate Judge's Order (Doc. 193). (*See* Docs. 195–99). The Court will rule on Plaintiff's Objection and leave other matters for the Magistrate Judge's decision.

**2. Plaintiff's Objection to Judge Fine's October 13, 2026 Order (Doc. 193)**

On October 13, 2026, the Magistrate Judge issued an Order that, amongst other things, set the deadline to complete certain fact witness depositions as December 4, 2026, and set in person oral argument and discovery dispute hearing for November 3, 2026 at 3:00 p.m. (*See* Doc. 193 at 3–4). Plaintiff now objects to this Order under Rule 72(a). (Doc. 199).

Under Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's nondispositive order within 14 days after service of such an order. *See* Fed. R. Civ. P. 72(a). When reconsideration of a magistrate judge's order is sought under Rule 72, the district court may not substitute its judgment for that of the deciding court. *Osuna v. Guerrero*, 2026 WL 962594, *1 (E.D. Cal. 2026) (citation omitted). Instead, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The "clearly erroneous" standard "applies to the magistrate judge's factual determinations and discretionary decisions." *Avalos v. Foster Poultry Farms*, 798 F. Supp. 2d 1156, 1160 (E.D. Cal. 2011). Review under this standard is highly deferential and only allows a magistrate judge's ruling to be overturned if the district court firmly believes that a mistake was made. *Id.*; *see also Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). Meanwhile, the "contrary to law" standard "permits independent review of purely legal determinations by a magistrate judge." *Comput. Econ.*,

50 F. Supp. 2d at 983. "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

Plaintiff challenges the Magistrate Judge's Order on three grounds. First, he notes that two contradictory Orders at docket entries 193 and 194. (Doc. 199 at 1–2). The Court understands how this caused confusion, but as has now been explained, the Order at docket entry 194 was erroneously entered and has now been vacated. Plaintiff filed this Objection before there was an opportunity to correct the record. Nonetheless, this issue has now been fixed, and the Court's inadvertence is not grounds for challenging the Magistrate Judge's Order.

Second, Plaintiff argues that it was "clear error" to use the "initial lack of an attached Rule 30 Deposition notice as a basis to erect a complex, multi-week, briefing schedule to force an oppressive in-person courtroom appearance." (*Id.* at 2). However, the Court disagrees. As part of their ability to effectively manage cases, courts maintain "wide latitude in controlling discovery[.]" *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (citation omitted). Thus, the Court finds that the Magistrate Judge's decisions regarding the parties' discovery dispute and Plaintiff's Emergency Motion were not in error. Instead, the Magistrate Judge made a well-reasoned decision as to how to appropriately deal with this highly contentious case. Third and finally, Plaintiff argues that he has now filed Notices of Depositions that cure the issues identified in the Magistrate Judge's Order. (Doc. 199 at 2). However, Plaintiff's subsequent actions does not render a previously-issued order erroneous, nor is his filing of Notices reason to eschew all of the Magistrate Judge's decision in the October 13, 2026 Order (Doc. 193).

In short, Plaintiff has failed to show that the Magistrate Judge's October 13, 2026 Order (Doc. 193) was clearly erroneous or contrary to law. Again, the Order issued in error at docket entry 194 is vacated. And while the Court will rule on Plaintiff's other Appeals in due course, the Court leaves all pretrial matter in the sounds discretion of the Magistrate Judge.

Accordingly,

**IT IS ORDERED** that the Court's Order (Doc. 194) is **vacated**. The Magistrate Judge's Order (Doc. 193) is the controlling Order on all relevant issues.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Rule 45 Subpoena Authorization, Alternative Service, and Enforcement of Dkt. 132 and Dkt. 177 (Doc. 191) is **reinstated**.

**IT IS FINALLY ORDERED** that Plaintiff's Objection to the Magistrate Judge's Order (Doc. 199) is **denied**.

Dated this 14th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge